UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOSEPH JODELLE and OLIVIA GRAHAM,      *DKT#:  14-cv-8094*

                     Plaintiffs,     **FIRST AMENDED COMPLAINT**

        - against -     **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,     **ECF CASE**
P.O. JAMES CAUSA, and
P.O. "JOHN DOE" #1-10, individually
and in their official capacities (the name John Doe
being fictitious as the true names are presently unknown),

                   Defendants.
------------------------------------------------------------------------x

Plaintiffs, JOSEPH JODELLE and OLIVIA GRAHAM, by their attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiffs, JOSEPH JODELLE and OLIVIA GRAHAM, are citizens of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. JAMES CAUSA and P.O. "JOHN DOE" # 1-10, were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

**FACTS**

13. The Plaintiff, JODELLE JOSEPH, is a law enforcement officer and works as a Sanitation Police Officer in the City of New York.

14. On Friday, August 29, 2014, the Plaintiff, JODELLE JOSEPH was at a gathering with friends at a home located at 829 East 226th Street in the County of Bronx, State of New York.

15. Also present at the gathering was the Plaintiff, OLIVIA GRAHAM.

16. P.O. JAMES CAUSA and P.O. "JOHN DOE" #1-10 entered the yard of the residence and announced their presence.

17. P.O. JAMES CAUSA and P.O. "JOHN DOE" #1-10 started demanding that the people in the yard provide information about a shooting that occurred in the neighborhood recently.

18. P.O. JAMES CAUSA and P.O. "JOHN DOE" #1-10 did not have a warrant or any other legal authority to enter the yard.

19. P.O. JAMES CAUSA and P.O. "JOHN DOE" #1-10 searched everyone in the yard, including JODELLE JOSEPH and OLIVIA GRAHAM.

20. P.O. JAMES CAUSA and P.O. "JOHN DOE" #1-10 did not have lawful authority, probable cause, or reasonable suspicion to search anyone in the yard, including JODELLE JOSEPH and OLIVIA GRAHAM.

21. P.O. JAMES CAUSA and P.O. "JOHN DOE" #1-10 found a bag of Marijuana that one person had in their possession.  That person admitted the small bag of Marijuana was his.  However, P.O. "JOHN DOE" #1-10 arrested numerous people for the bag of Marijuana, including JODELLE JOSEPH and OLIVIA GRAHAM.

22. The Plaintiffs, JODELLE JOSEPH and OLIVIA GRAHAM were not in actual or constructive possession of the small bag of Marijuana and P.O. JAMES CAUSA and P.O. "JOHN DOE" # 1-10 were all patently aware that the Plaintiffs were not in actual or constructive possession of the small bag of Marijuana.

23. The Plaintiffs, JODELLE JOSEPH and OLIVIA GRAHAM were handcuffed and taken into custody.  The Plaintiffs were brought to the 47th Police Precinct in Bronx County.

24. The Plaintiffs, JODELLE JOSEPH and OLIVIA GRAHAM were each held in custody for more than 24 hours.

25. P.O. JAMES CAUSA and P.O. "JOHN DOE" #1-10 did not have probable cause to arrest the Plaintiffs, JODELLE JOSEPH and OLIVIA GRAHAM.

26. The Plaintiffs, JODELLE JOSEPH and OLIVIA GRAHAM were released without any criminal charges.

27. The Plaintiffs, JODELLE JOSEPH and OLIVIA GRAHAM were each held in custody for more than 24 hours before they were released.

28. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, physical pain and injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

31. All of the aforementioned acts deprived plaintiff of the rights, privileges and

immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

34. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

37. That the detention of the plaintiff by the defendants was objectively unreasonable and in violation of Plaintiff's constitutional rights.

38. As a result of the foregoing, the plaintiffs' liberty was restricted for an extended period

of time, and plaintiffs were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiffs sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

**THIRD CLAIM FOR RELIEF**
**<u>UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983</u>**

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. As a result of defendants' aforementioned conduct, the Plaintiffs were subjected to an illegal, improper and unlawful warrantless search and seizure of their person without any probable cause, privilege, or consent.

41. That the search and seizure of the plaintiffs was objectively unreasonable and in violation of the plaintiff's constitutional rights.

42. As a result of the foregoing, the plaintiffs' liberty was restricted for an extended period of time, and plaintiffs were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiffs sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## <u>MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983</u>

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants subjected the Plaintiffs to an unlawful warrantless search and seizure, and false arrest, of the Plaintiffs.

45. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

47. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not limited to the following unconstitutional practices:

  (a) Failing to properly train, in general;
  (b) Failing to supervise police officers;
  (c) Subjecting persons to violations of their constitutionally protected rights;
  (d) Subjecting persons to illegal searches and seizures;
  (e) Subjecting persons to excessive force;
  (f) Subjecting persons to false arrest.

48. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

49. The foregoing customs, policies, usages, practices, procedures and rules of the

THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

50. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiffs' constitutional rights, for which THE CITY OF NEW YORK is liable.

51. As a result of the foregoing, plaintiffs sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## DAMAGES AND RELIEF REQUESTED

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. All of the foregoing acts by defendants deprived the Plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from the excessive use of force;

    E. To receive equal protection under the law.

54. By reason of the aforesaid conduct by defendants, plaintiff, JODELLE JOSEPH, is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and

proper.

55. By reason of the aforesaid conduct by defendants, plaintiff, OLIVIA GRAHAM, is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff, JODELLE JOSEPH, demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action, and

**WHEREFORE,** Plaintiff, OLIVIA GRAHAM, demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated:  New York, NY
       February 6, 2015

By: */s/ Bryan Konoski*
_____
BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832